UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO RODRIGUEZ,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>W.F. MONTGOMERY, Warden,<br><br>　　　　　　　　　　Defendant. | Case No.: 16cv2948-MMA (PCL)<br><br>**REPORT AND RECOMMENDATION DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** |

## I.    **INTRODUCTION**

Petitioner Francisco Rodriguez, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus. (Doc 1.) Petitioner is in the lawful custody of California Department of Corrections and Rehabilitation (CDCR) following his March 12, 2014 guilty plea and conviction for one count of voluntary manslaughter with a weapons enhancement, for which he was serving a determinate prison term of twelve years. (See Doc. 1, at 1-2.) Petitioner does not challenge his underlying conviction or the imposition of his sentence but rather seeks to overturn the ruling of an institutional administrative disciplinary action in which he was found guilty of possessing

1

methamphetamine on March 21, 2016. (Doc. 1, at 3.) For the reasons given below, Petitioner's Petition should be dismissed without prejudice.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The following facts are taken from the Superior Court of California's Order denying his habeas petition. (Lodgment 4.)

> On Monday, October 27, 2014, Officer R. Ramos, acting as B4 Floor Officer #1, approached cell B4-110 for a random cell search. Cell B4-110 was assigned to Petitioner, who was not present, and Inmate Anguiano was present. Inmate Anguiano was cuffed, escorted out, and subjected to an unclothed search with negative results for contraband. Officer Ramos returned to the cell and searched it, finding a white crystal substance wrapped in clear plastic on the upper shelf belonging to the upper bunk. He took possession of the substance, concluded the search, and then turned the substance over to Officer R. Steele.
>
> Officer Ramos was present with Officer Steele when Officer Steele opened, weighed, tested, and photographed the bindle. Officer Steele obtained a weight of 1 gram, and, using a Presumptive Field Test (NIK Test), determined that the substance was methamphetamine. The substance was then packaged and everything was secured into evidence locker #7 in sub-evidence room #430-144.
>
> The same day, Officer Steele had Petitioner provide a urine sample. He advised Petitioner of the results of the NIK Test, and Petitioner elected to reject the results. It appears that ultimately, on April 28, 2015, Petitioner opted to accept the NIK Test results.
>
> On June 1, 2015, a hearing was held before Senior Hearing Officer J. Coronado, during which Petitioner pled not guilty, stating "I'm not guilty because it's not mine." Inmate Anguiano appeared at the hearing, and acknowledged ownership of the contraband, stating that he obtained it a few minutes after Petitioner left the cell.
>
> The Senior Hearing Officer found Petitioner guilty of violation of Cal. Code Regs., tit. 15, § 3016, subd. (a) POSSESSION OF A CONTROLLED SUBSTANCE – METHAMPHETAMINE based on the Officers' reports, the physical evidence, and the testimony of Petitioner and Inmate Anguiano. Petitioner was assessed penalties consistent with a Division "B" offense.

> Petitioner argues that there is insufficient evidence the drugs were within his possession or under his control [because of] the fact he was forced to double cell and his cellmate confessed to ownership of the drugs. Petitioner includes a copy of a declaration from Inmate Anguiano in which he reaffirms his ownership of the drugs and Petitioner's lack of knowledge.
>
> Petitioner takes issue with the concept of "constructive possession" which is frequently the basis for findings of guilt in CDCR Form 115 proceedings involving the existence of contraband in relatively confined areas shared by more than one inmate, for example, two inmate cells. The case that provides the answer to Petitioner's question is *In re v. Zepeda* (4th Dist., 2006) 141 Cal. App. 4th 1493. That case held that merely by virtue of being an occupant of the cell, the petitioner had constructive possession of contraband sufficient to warrant the disciplinary measures imposed. (*Id.*, at 1499-1500.)
>
> The court's review of the evidence in these cases is limited to whether the decision of the hearing officer is supported by some evidence. (*In re v. Zepeda*, supra, 141 Cal. App. 4th 1493, 1493.).

(Lodgment 4, at 1-3.)

Petitioner then appealed the Superior Court's ruling to the California Court of Appeal. The Justices issued the following ruling:

> In 2015, petitioner Francisco Rodriguez was incarcerated at Calipatria State Prison, where he was found guilty of a rules violation for possession of a controlled substance and assessed a forfeiture of custody credits. Rodriguez contends there is insufficient evidence to support the decision of the senior hearing officer because the narcotics belonged to his cellmate and he was outside the cell at the time of the search.
>
> Rodriguez is not entitled to habeas corpus relief. "[T]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits." (*Superintendent v. Hill* (1985) 472 U.S. 445, 455.) The report of the correctional officer that the controlled substance was found in a common area of Rodriguez's prison cell in an area readily accessible to both inmates constitutes "some evidence" he committed the disciplinary violation. Rodriguez's "reliance on the evidence that supports

3

> his assertion not to have known about the [controlled substance], such as his cellmate's acknowledgment of ownership and [Rodriguez's] own claim of innocence, does not change the analysis under *Hill*. *Hill* emphasizes that the reviewing court is not to engage in an 'examination of the entire record' or 'weighing of the [conflicting] evidence.' [Citation.] Rather, the narrow role assigned to the reviewing court is solely to determine whether there is '*any evidence* in the record that *could support* the conclusion reached by the disciplinary board.' [Citation.] Here, there is such evidence, even if, as [Rodriguez] contends, there is other evidence that supports his assertion of innocence." *(In re Zepeda* (2006) 141 Cal. App. 4th 1493, 1500.)

(Lodgment 6.)

Petitioner then filed a petition for writ of habeas corpus with the California Supreme Court, in which he alleged the same claims he has advanced in his current federal Petition. (Lodgment 7.) On November 9, 2016, the California Supreme Court denied Petitioner's habeas petition without comment. (Lodgment 8.)

### III. DISCUSSION

The Supreme court has recognized that "[f]ederal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C §2254, and a complaint under the Civil Rights Act of 1871, 42 U.S.C. §1983." Muhammad v. Close, 540 U.S. 749, 750 (2004). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a §1983 action." Id. (internal citation omitted). "[A] §1983 action is the exclusive vehicle for claims brought by state prisoners that are not within the core of habeas corpus." Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016).

In Nettles, the loss of good time credits that Nettles complained about in his habeas petition did not necessarily prevent him from early release based on good behavior. "Because the parole board has the authority to deny parole 'on the basis of any of the grounds presently available to it,' the presence of a disciplinary infraction does not

4

compel the denial of parole, nor does an absence of an infraction compel the grant of parole." <u>Nettles v. Grounds</u>, 830 F.3d 922, 935 (9th Cir. 2016) (citation omitted). The Ninth Circuit decided that unless it was with absolute certainty that Nettles would be released from prison if his good time credits were restored, Nettles's claim would not fall "within the core of habeas corpus" but rather should be brought in a civil rights complaint filed under 42 U.S.C. § 1983. <u>Id.</u> (citation omitted). In instances where a petitioner has inappropriately filed a writ of habeas corpus and the prisoner's habeas petition is amendable to conversion to a § 1983 action on its face, the court may recharacterize the petition so long as it warns the pro se litigant of the consequences of the conversion and the petition is amenable to conversion. <u>Id.</u> at 936. However, if conversion is not an option, the petition must be dismissed without prejudice. <u>Id.</u>

Here, as in <u>Nettles</u>, Petitioner is not challenging the validity of his confinement or the particulars affecting the length of his prison sentence. Rather, Petitioner challenges a ruling from a disciplinary board that affects the circumstances of Petitioner's confinement. Although Petitioner alleges that had he not been found guilty of possession of methamphetamine while incarcerated he would have been released from prison sooner, there are no facts to indicate that Petitioner would have been immediately released from prison if his good time credits were restored. As such, a §1983 action is the exclusive vehicle for the type of claim described in this petition and for the relief that he seeks. Moreover, the Petition is not amenable to conversion to a § 1983 complaint on its face. While "[t]he right respondent in a § 2254 action is the warden of the prison, the right defendants in a §1983 suit are the persons whose wrongful acts harmed the plaintiff (and the warden is rarely a proper defendant, because he is not vicariously liable for subordinates' acts)." <u>Glaus v. Anderson</u>, 408 F.3d 382, 389 (7th Cir. 2005) (citation and quotation marks omitted). Petitioner only named the warden on the face of his Petition and did not name the proper defendants who allegedly convicted him of

5

methamphetamine possession without an evidentiary basis. Because his Petition is not amenable to conversion in its current form, the Court recommends that the Petition be DENIED.

### IV. CONCLUSION AND RECOMMENDATION

The court submits this Report and Recommendation to United States District Judge Anello under 28 U.S.C. §636(b)(1) and Local Civil Rule HC.2 of the United State Distrct Court for the Southern District of California. For the reasons outlined, **IT IS HEREBY RECOMMENDED** that the Court issue an Order (1) approving and adopting this Report and Recommendation, and (2) directing that the Petition be DISMISSED.

**IT IS HEREBY ORDERED** that any party of this action may file written objections with the Court and serve a copy on all parites no later than October 18, 2017. The document should be captioned "Objections to Report and Recommendation." The parties are advised that failure to file objections with the specified time may waive their right to raise those objections on appeal of the Court's Order. *See* Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATE: DATE: October 2, 2017

Peter C. Lewis
United States Magistrate Judge