UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO RODRIGUEZ,<br><br>                        Plaintiff,<br>v.<br><br>W.F. MONTGOMERY, Warden,<br><br>                       Defendant. | Case No.: 16cv2948-MMA (PCL)<br><br>**REPORT AND RECOMMENDATION DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

## I. **INTRODUCTION**

Petitioner Francisco Rodriguez, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus. (Doc 1.) Petitioner is in the lawful custody of California Department of Corrections and Rehabilitation (CDCR) following his March 12, 2014 guilty plea and conviction for one count of voluntary manslaughter with a weapons enhancement, for which he was serving a determinate prison term of twelve years. (See Doc. 1, at 1-2.) Petitioner does not challenge his underlying conviction or the imposition of his sentence but rather seeks to overturn the ruling of an institutional administrative disciplinary action in which he was found guilty of possessing methamphetamine on March 21, 2016. (Doc. 1, at 3.) For the reasons given below, Petitioner's Petition should be denied.

## II. **FACTUAL AND PROCEDURAL BACKGROUND**

The following facts are taken from the Superior Court of California's Order denying his habeas petition. (Lodgment 4.)

> On Monday, October 27, 2014, Officer R. Ramos, acting as B4 Floor Officer #1, approached cell B4-110 for a random cell search. Cell B4-110 was assigned to Petitioner, who was not present, and Inmate Anguiano was present. Inmate Anguiano was cuffed, escorted out, and subjected to an unclothed search with negative results for contraband. Officer Ramos returned to the cell and searched it, finding a white crystal substance wrapped in clear plastic on the upper shelf belonging to the upper bunk. He took possession of the substance, concluded the search, and then turned the substance over to Officer R. Steele.
>
> Officer Ramos was present with Officer Steele when Officer Steele opened, weighed, tested, and photographed the bindle. Officer Steele obtained a weight of 1 gram, and, using a Presumptive Field Test (NIK Test), determined that the substance was methamphetamine. The substance was then packaged and everything was secured into evidence locker #7 in sub-evidence room #430-144.
>
> The same day, Officer Steele had Petitioner provide a urine sample. He advised Petitioner of the results of the NIK Test, and Petitioner elected to reject the results. It appears that ultimately, on April 28, 2015, Petitioner opted to accept the NIK Test results.
>
> On June 1, 2015, a hearing was held before Senior Hearing Officer J. Coronado, during which Petitioner pled not guilty, stating "I'm not guilty because it's not mine." Inmate Anguiano appeared at the hearing, and acknowledged ownership of the contraband, stating that he obtained it a few minutes after Petitioner left the cell.
>
> The Senior Hearing Officer found Petitioner guilty of violation of Cal. Code Regs., tit. 15, § 3016, subd. (a) POSSESSION OF A CONTROLLED SUBSTANCE – METHAMPHETAMINE based on the Officers' reports, the physical evidence, and the testimony of Petitioner and Inmate Anguiano. Petitioner was assessed penalties consistent with a Division "B" offense.
>
> Petitioner argues that there is insufficient evidence the drugs were within his possession or under his control [because of] the fact he was forced to double

2

cell and his cellmate confessed to ownership of the drugs. Petitioner includes a copy of a declaration from Inmate Anguiano in which he reaffirms his ownership of the drugs and Petitioner's lack of knowledge.

Petitioner takes issue with the concept of "constructive possession" which is frequently the basis for findings of guilt in CDCR Form 115 proceedings involving the existence of contraband in relatively confined areas shared by more than one inmate, for example, two inmate cells. The case that provides the answer to Petitioner's question is *In re v. Zepeda* (4th Dist., 2006) 141 Cal. App. 4th 1493. That case held that merely by virtue of being an occupant of the cell, the petitioner had constructive possession of contraband sufficient to warrant the disciplinary measures imposed. (*Id.*, at 1499-1500.)

The court's review of the evidence in these cases is limited to whether the decision of the hearing officer is supported by some evidence. (*In re v. Zepeda*, supra, 141 Cal. App. 4th 1493, 1493.).

(Lodgment 4, at 1-3.)

Petitioner then appealed the Superior Court's ruling to the California Court of Appeal. The Justices issued the following ruling:

In 2015, petitioner Francisco Rodriguez was incarcerated at Calipatria State Prison, where he was found guilty of a rules violation for possession of a controlled substance and assessed a forfeiture of custody credits. Rodriguez contends there is insufficient evidence to support the decision of the senior hearing officer because the narcotics belonged to his cellmate and he was outside the cell at the time of the search.

Rodriguez is not entitled to habeas corpus relief. "[T]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits." (*Superintendent v. Hill* (1985) 472 U.S. 445, 455.) The report of the correctional officer that the controlled substance was found in a common area of Rodriguez's prison cell in an area readily accessible to both inmates constitutes "some evidence" he committed the disciplinary violation. Rodriguez's "reliance on the evidence that supports his assertion not to have known about the [controlled substance], such as his cellmate's acknowledgment of ownership and [Rodriguez's] own claim of innocence, does not change the analysis under *Hill*. *Hill* emphasizes that the

3

reviewing court is not to engage in an 'examination of the entire record' or 'weighing of the [conflicting] evidence.' [Citation.] Rather, the narrow role assigned to the reviewing court is solely to determine whether there is '*any evidence* in the record that *could support* the conclusion reached by the disciplinary board.' [Citation.] Here, there is such evidence, even if, as [Rodriguez] contends, there is other evidence that supports his assertion of innocence." *(In re Zepeda* (2006) 141 Cal. App. 4th 1493, 1500.)

(Lodgment 6.)

Petitioner then filed a petition for writ of habeas corpus with the California Supreme Court, in which he alleged the same claims he has advanced in his current federal Petition. (Lodgment 7.) On November 9, 2016, the California Supreme Court denied Petitioner's habeas petition without comment. (Lodgment 8.)

### III. DISCUSSION

Petitioner raises one ground in his Petition. He argues that there was "insufficient evidence that drugs were in his possession or under his control aside from the fact he was forced to double cell and his cellmate confessed to ownership of the drugs." (Doc. 1, at 3.) Respondent argues that Petitioner failed to establish that the state court misapplied clearly established federal law. (Doc. 8, at 6.)

A. *Standard of Review*

This Petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320 (1997). Under AEDPA, a habeas petition will not be granted with respect to any claim adjudicated on the merits by the state court unless that adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d); *Early v. Packer*, 537 U.S. 3, 8 (2002). In deciding a state prisoner's habeas petition, a federal court is not called upon to decide whether it agrees with the state court's determination;

4

rather, the court applies an extraordinarily deferential review, inquiring only whether the state court's decision was objectively unreasonable. *See Yarborough v. Gentry*, 540 U.S. 1, 4 (2003); *Medina v. Hornung*, 386 F.3d 872, 877 (9th Cir. 2004).

A federal habeas court may grant relief under the "contrary to" clause if the state court applied a rule different from the governing law set forth in Supreme Court cases, or if it decided a case differently than the Supreme Court on a set of materially indistinguishable facts. *See Bell v. Cone*, 535 U.S. 685, 694 (2002). The court may grant relief under the "unreasonable application" clause if the state court correctly identified the governing legal principle from Supreme Court decisions but unreasonably applied those decisions to the facts of a particular case. *Id.* Additionally, the "unreasonable application" clause requires that the state court decision be more than incorrect or erroneous; to warrant habeas relief, the state court's application of clearly established federal law must be "objectively unreasonable." *See Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). The Court may also grant relief if the state court's decision was based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d)(2).

Where there is no reasoned decision from the state's highest court, the Court "looks through" to the last reasoned state court decision and presumes it provides the basis for the higher court's denial of a claim or claims. *See Ylst v. Nunnemaker*, 501 U.S. 797, 805-06 (1991). If the dispositive state court order does not "furnish a basis for its reasoning," federal habeas courts must conduct an independent review of the record to determine whether the state court's decision is contrary to, or an unreasonable application of, clearly established Supreme Court law. *See Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000) (*overruled on other grounds by Andrade*, 538 U.S. at 75-76); *accord Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003). However, a state court need not cite Supreme Court precedent when resolving a habeas corpus claim. *See Early*, 537 U.S. at 8. "[S]o long as neither the reasoning nor the result of the state-court decision contradicts

[Supreme Court precedent,]" *id*., the state court decision will not be "contrary to" clearly established federal law. *Id*. Clearly established federal law, for purposes of § 2254(d), means "the governing principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Andrade*, 538 U.S. at 72.

B. *Analysis*

Petitioner has failed to demonstrate that the state courts misapplied clearly established federal law when rejecting his claim that he was unconstitutionally disciplined for methamphetamine being present in his prison cell. Within the context of institutional disciplinary matters, the U.S. Supreme Court has pronounced that inmates who are subjected to a loss of credits through a disciplinary proceeding are not entitled to the full panoply of rights afforded to defendants in a criminal case but are only permitted certain minimal procedural protections under the Due Process Clause. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). With regard to the level of proof to support a disciplinary finding, Due Process requires that the decision be supported by "some evidence." *Superintendent v. Hill*, 472 U.S. 445, 457 (1985). The only relevant question under the minimally stringent "some evidence" test is whether there is any reliable evidence in the record that could support the conclusion reached by the disciplinary board. *Id.* at 455-456; *Cato v. Rushan*, 824 F.2d 703, 705 (9th Cir. 1987). So long as the record is "not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary," the petition must be denied. *Hill*, 472 U.S. at 457. In other words, the "Consitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Id*.

Here, Petitioner claims that the underlying disciplinary decision that resulted in his loss of good time credits was devoid of any evidentiary support. (Doc. 1.) However, the record demonstrates that the disciplinary decision was based in large part on the reporting officer's documentation of how he found the methamphetamine and the fact that it was

6

16cv2948-MMA (PCL)

found in an area that was equally accessible to both Petitioner and his cellmate. (Lodgments 1 and 2.) The state courts concluded that this evidence constitutes more than the required modicum of evidence necessary to uphold the disciplinary decision that resulted in Petitioner's loss of good time credits. (Lodgments 4, 6, 8.) Even if there is another rational decision that could have been reached by the disciplinary board – that the drugs actually belonged to his cellmate –the "Consitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." Thus, because the state courts properly applied the "some evidence" standard when they rejected Petitioner's habeas claim, the state court decision cannot be considered to be contrary to or an unreasonable application of clearly established Supreme Court law. The Petition should be denied.

## IV. CONCLUSION AND RECOMMENDATION

The court submits this Report and Recommendation to United States District Judge Anello under 28 U.S.C. §636(b)(1) and Local Civil Rule HC.2 of the United State Distrct Court for the Southern District of California. For the reasons outlined, **IT IS HEREBY RECOMMENDED** that the Court issue an Order (1) approving and adopting this Report and Recommendation, and (2) directing that the Petition be DENIED.

**IT IS HEREBY ORDERED** that any party of this action may file written objections with the Court and serve a copy on all parites no later than November 27, 2017. The document should be captioned "Objections to Report and Recommendation." The parties are advised that failure to file objections with the specified time may waive their right to raise those objections on appeal of the Court's Order. *See* Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATE: DATE: November 9, 2017

Peter C. Lewis
United States Magistrate Judge